## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00414-SVW-KS | Date | March 6, 2018 |
|---|---|---|---|
| Title | *Steven Oliva v. Charter Commc'ns Inc.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | |

**Proceedings:** IN CHAMBERS ORDER REMANDING PLAINTIFF'S CASE TO THE LOS ANGELES SUPERIOR COURT [10]

This case involves Plaintiff Steven Olivia's ("Plaintiff") dispute with his former employer, Charter Communications ("Defendant"). After reading the complaint, the court is unable to determine the exact nature of Plaintiff's alleged civil rights violations under 42 U.S.C. § 2000(e), the Civil Rights Act, and 42 U.S.C. § 1981.

Plaintiff's allegations do not comply with federal pleading requirements. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); 8(d)(1) (providing that "[e]ach allegation must be simple, concise, and direct"). Here, Plaintiff alleges that his supervisor, who is not a named Defendant in this case, made a few offensive remarks, such as calling Plaintiff a "gun slinger" and "little B.". Dkt. 1. ¶ 66. Based on the allegations within the complaint, the Court cannot find a plausible way that these statements would amount to a violation of the Civil Rights Act or would show sex or gender discrimination. Plaintiff also claims that Defendant violated his civil rights by creating errors in his time card. These statements are conclusory in nature and also do not relate to any plausible violation of the Civil Rights Act. *See, e.g., Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). In order to establish a cause of action under the relevant federal statutes, Plaintiff must establish a plausible violation of his civil rights.

Accordingly, the Court dismisses Plaintiff's federal claims. Because the Court had supplemental jurisdiction over the remaining state law claims, the Court REMANDS the case back to the appropriate state court. 28 U.S.C. § 1367(a).

IT IS SO ORDERED.

:

Initials of Preparer

PMC